IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DALE ALONZO COPEMANN,

    Plaintiff,

v.                                        CASE NO. 1:11-cv-00047-SPM -GRJ

WARREN CREWS, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed yet another complaint and a motion for leave to proceed to assert frivolous claims arising from an incident at the Vocational Rehabilitation facility in Gainesville, Florida.[1] (Docs. 1 and 3). The Court has before it for review Plaintiff's Complaint (Doc. 1) and Plaintiff's Motion For Leave To Proceed In Forma Pauperis. (Doc. 3.)

## Discussion

In the present case, Plaintiff claims that two employees at the facility failed to provide him with a form for transportation or otherwise arrange for transportation, which allegedly resulted in Plaintiff not being picked-up timely. Plaintiff also sues Warren Crews and Herbert Preister, police officers with the Gainesville Police Department, who arrived at the facility and allegedly threatened him with bodily harm. According to Plaintiff the officers threatened him either because he was a suspect in a burglary or

---

[1] In Copemann v. Bush, No. 1:11cv40-MP-GRJ, Plaintiff claimed that two other employees at the rehabilitation facility violated his civil rights when they were disrespectful to him. This case, too, has been recommended for dismissal because it is frivolous.

because he had filed a civil suit against them. Plaintiff alleges that all four defendants violated his Fourteenth Amendment rights by failing to deal with him professionally and in a respectful manner.

The screening process under 28 U.S.C. §1915 applies to non-prisoner *pro se* litigants who are proceeding *in forma pauperis*. Boyington v. Geo Group, Inc., 2009 WL 3157642 (M.D. Fla.), *citing* Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (dismissals under 28 U.S.C. 1915 apply to non-prisoners, even if fee assessment provisions do not). In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." Dycus v. Astrue, 2009 WL 47497, at *1 (S.D. Ala.2009). An application to proceed *in forma pauperis* may be denied if the plaintiff either fails to satisfy the poverty requirement or if plaintiff's claim is frivolous. Martinez v. Kristi Kleaner's Inc., 364 F.3d 1305, 1306 (11th Cir.2004); see also Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir.1997) (stating that a court may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious).

A claim is frivolous if it is based on an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 317 (1989) (applying section 1915). This circuit has defined a frivolous appeal under section 1915 as being one 'without arguable merit. " Harris v. Menendez, 817 F.2d 737, 739 (11th Cir.1987) (quoting Watson v. Ault, 525 F.2d 886, 892 (5th Cir.1976)). 'Arguable means capable of being convincingly argued. "Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (*quoting* Menendez, 817 F.2d at 740 n. 5); see Clark v. State of Ga. Pardons and Paroles Bd, 915 F.2d 636, 639

(11th Cir. 1990) (lawsuit is frivolous if the plaintiff's chances of ultimate success are slight); see also Weeks v. Jones, 100 F.3d 124, 127 (11th Cir.1996) (stating that [f]actual allegations are frivolous for purpose of [28 U.S.C.] 1915(d) when they are clearly baseless; legal theories are frivolous when they are indisputably meritless. ") (citations omitted).

A successful section 1983 action requires a plaintiff to show he was deprived of a federal right by a person acting under "color of state law." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) *citing* Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978). A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state. Edwards v. Wallace Community College, 49 F.3d 1517, 1722 (11th Cir. 1995) *citing* West v. Atkins, 487 U.S. 42, 48-50, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (1988).

While Plaintiff has failed to allege that the two employees at the vocational facility were employees of the state – even assuming they were state employees – Plaintiff, nonetheless, has failed to state a claim for relief under § 1983. Failing to provide Plaintiff with a form or otherwise failing to arrange for his transportation does not rise to the level of a constitutional violation and therefore cannot be pursued in a § 1983 action.

Plaintiff also has failed to state a claim upon which may be granted against the two police officers. Although the two police officers may have been "acting under color of state law," the only conduct alleged against them is that they threatened the Plaintiff. There are no allegations that the police officers did anything else. The use of verbal threats and harassment by a governmental official does not violate substantive due

process and therefore is insufficient to state a claim under § 1983 for violation of a constitutional right. Woods v. Valentino, 511 F.Supp.2d 1263, 1285-86 (M.D. Fla.2007); Cherfils v. Jones, No. 3:07-cv-391/MCR/MD, 2008 WL 817098, *4 (N.D.Fla. Mar. 25, 2008).

Accordingly, because Plaintiff fails to allege that the officers took any action against him and fails to allege any conduct by the employees at the facility other than their failure to arrange for his transportation, the Complaint is due to be dismissed for failing to state a claim.

In light of the foregoing, it is respectfully **RECOMMENDED**:

That the Motion for IFP (Doc. 3) should be **DENIED** and this cause should be **DISMISSED** as frivolous and for failure to state a claim for relief.

At Gainesville, Florida, this 17th day of March, 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**